**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Tandy Lee Tucker Collier, Appellant,

v.

Jerry Wayne Collier, Respondent.

Appellate Case No. 2024-001831

———————

Appeal From Pickens County
Karen S. Roper, Family Court Judge

———————

Unpublished Opinion No. 2026-UP-352
Submitted April 1, 2026 – Filed July 8, 2026

———————

**REVERSED**

———————

Robert Scott Dover, of Law Offices of Scott Dover, of
Pickens, for Appellant.

Gwendolynn Wamble Barrett, of Barrett Mackenzie,
LLC, of Greenville, for Respondent.

———————

**PER CURIAM:** This appeal is about a marital separation agreement (the
agreement), a final order, and how those documents deal with dividing retirement
assets accumulated during the parties' marriage. The language in these documents
appears straightforward but proved susceptible to different interpretations.

All agree the intent was for Tandy Collier (Wife) to receive half of the marital portion of Jerry Collier's (Husband's) retirement assets as of the date marital litigation began. In preparing the paperwork to transfer the assets, a dispute arose over whether Wife's share included passive gains.

The family court judge thoroughly and carefully considered the parties' competing arguments before adopting Husband's interpretation that Wife is not entitled to any passive gains. We commend the parties for the professional way they have litigated this dispute and the family court for its proficient management of the case. Because we are convinced Husband's interpretation is inconsistent with precedent and is undermined by the division the relevant documents contemplate, we reverse.

We begin by looking at the language of the parties' agreement. *See Davis v. Davis*, 372 S.C. 64, 75, 641 S.E.2d 446, 451 (Ct. App. 2006) ("In South Carolina, the construction of a separation agreement is a matter of contract law."); *see also S.C. Dep't of Transp. v. M. & T Enters. of Mt. Pleasant, LLC*, 379 S.C. 645, 657, 667 S.E.2d 7, 13–14 (Ct. App. 2008) ("The courts must construe and enforce contracts as written, in order to preserve the fundamental right of freedom of contract." (quoting *Lexington Ins. Co. v. Tires Into Recycled Energy and Supplies, Inc.*, 136 N.C.App. 223, 522 S.E.2d 798, 800 (1999))). The agreement awarded Wife half of the marital portion of Husband's retirement accounts. Although the agreement referenced the value of the relevant accounts, the agreement and final order plainly use dates to establish and define what retirement holdings are marital. The documents specified that Wife was to receive fifty percent of those holdings.

Husband acknowledges the intent was to require an in-kind distribution of the marital portion of the retirement accounts. He agrees the intent was not to liquidate the investments and make a cash payment of a specified amount to Wife. Yet, Husband also contends Wife is not entitled to the changes in value that her share of the stocks, bonds, mutual funds, and other retirement assets have experienced. This is inconsistent with precedent, which has consistently recognized that both spouses share equally in the passive gains and losses occurring after separation but before distribution.

In *Smith v. Smith*, the family court "directed either that the shares be divided in kind or that the wife be paid their fair market value as of the date of its order." 294 S.C. 194, 203, 363 S.E.2d 404, 409 (Ct. App. 1987). There, as here, the husband argued that he should have been allowed "to pay the wife her proportionate share of the stock based on its value at the time the parties separated, a value much less than it had on the date the trial court issued its order." *Id.* This court disagreed

with the husband, finding it knew "of no authority, and the husband [did] not cite any, that holds that only one spouse is entitled to any appreciation in marital assets that occurs after the parties separate and before the parties are divorced" and explaining "both parties would be entitled to any such appreciation." *Id.* This court also noted that there was "no South Carolina authority for the [family] court to value marital property, including stocks, as of the date of the dissolution of the marriage." *Id.* As a result, the husband was required to transfer a portion of the shares of stock to the wife. *Id.*

That holding has routinely been affirmed and applied to similar cases concerning a spouse's entitlement to passive gains. *See McDavid v. McDavid*, 333 S.C. 490, 497 n.7, 511 S.E.2d 365, 369 n.7 (1999) (concurring with *Smith* and finding "both parties may be entitled to share in any appreciation in marital assets [that] occurs after the parties separate but before the parties divorce."); *see also Dixon v. Dixon*, 334 S.C. 222, 228, 512 S.E.2d 539, 542 (Ct. App. 1999) ("It is an unfortunate reality that, given the volume of cases handled by our family courts, there often is a substantial delay between the commencement of an action and its ultimate resolution. Thus, it is not unusual for the value of marital assets to change, sometimes substantially, between the time the action was commenced and its final resolution. In such a case, the family court has the ability to consider the post-filing appreciation or depreciation when valuing and apportioning the marital estate."); *Fields v. Fields*, 342 S.C. 182, 186, 536 S.E.2d 684, 686 (Ct. App. 2000) ("It is equally true, however, that the parties may be entitled to share in any appreciation or depreciation in marital assets occurring after separation but before divorce."); *Burch v. Burch*, 395 S.C. 318, 326, 717 S.E.2d 757, 761 (2011) (explaining "[i]t is fairer to value a passive asset at or near the time of the final hearing, because both parties are equally deserving to share in any increase or decrease" (citation omitted)).

We cannot conceive of a reason the principle in those cases does not apply here. The marital portion of the account was not defined by the account's value as of a specific date. Under both the agreement and the final order, Wife was awarded half of the marital portion of the retirement accounts. She is therefore entitled to half of those assets, including the passive gains and losses her share of the assets have experienced. According to the record, those assets are index funds, bonds, and holdings of that nature. It does not matter that those assets have a different value than they did at the time of the agreement. The assets are hers, and the change in their value is hers.

As to Wife's argument that the family court erred in denying her attorney's fees, we deem this issue abandoned because it was not argued in the brief beyond a short conclusory statement. *See Ellie, Inc. v. Miccichi*, 358 S.C. 78, 99, 594 S.E.2d 485, 496 (Ct. App. 2004) ("Numerous cases have held that where an issue is not argued within the body of the brief but is only a short conclusory statement, it is abandoned on appeal.").

The family court's order is

**REVERSED.**[1]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.